DAVIS vs. DANCY & AL.

West'n District
Sept. 1823.

DAVIS
vs.
DANCY & AL.

APPEAL from the court of the seventh district.

If it appear all the evidence was not taken down by the clerk, the court will remand the cause, altho' the knowledge of the defect reaches it irregularly.

PORTER, J. delivered the opinion of the court. At the last term of this court, for this district, the defendants and appellants moved for a *certiorari*, in order that certain documents, which were made a part of the original petition, and used on the trial below, should be sent up to complete the statement of facts. This order was granted, and the judge in making a return to it, gives us a history of the trial, and states, as a reason why the plaintiff was permitted to withdraw documents which he had made a part of his petition, that the parties in open court, and before the cause was gone through, agreed to make out a statement of facts, and directed the clerk to cease taking down the testimony. That the trial was had on the 23d of February, 1823, and the judgment signed on the 27th; and no application being made for this statement to be recorded, he had conceived the appeal abandoned, and gave permission to the plaintiff, to withdraw the title papers he had annexed to his petition.

DAVIS
*vs.*
DANCY & AL.

In addition to this certificate, the judge for *greater certainty*, (as he states,) refers us to that of the clerk, and that officer certifies that the several documents annexed to his return were the same read in evidence on the trial, " that other documentary testimony, read in evidence to the court and jury, was by consent of counsel to have been supplied by a statement of facts: and that he continued to take down in writing the testimony offered in the cause, until otherwise directed by the court and counsel."

Before entering on the question which has been raised on this return, it is necessary to state, that the record when filed in this court, was neither certified by the judge to contain all the matters on which the cause was decided: nor by the clerk that he had taken down all the evidence. It did, however, appear that the clerk had reduced to writing oral testimony, pursuant to the act of 1817, and we held as we had often done before, that the legal presumption was, that he had taken down *all* that was given on the trial, and that the record was before us in such a shape, as authorised an examination of the case on its merits.

It is now objected, that however correct and

legal this *presumption* may be, it ceases the moment the officer who made out the record, declares that it is incomplete; and that the court cannot presume the whole evidence was taken down in direct opposition to the certificate of the clerk that it was not taken down. To this it is replied, that the transcript when returned here, was such as the court could legally have acted on, and tried the case on its merits. That a record, which was then good, cannot now be destroyed, by a judge doing that which he was not authorised to do:—namely, certifying what transpired in court during the trial: nor by a certificate of a clerk, volunteered, on matters which he was not called on to explain, and made from memory, months after the cause was investigated.

How much of the oral evidence is wanting, and what effect it would have on the cause, if now before us, we do not know. The probability of its being material is greatly weakened by the plaintiff's not objecting to the record, when he appeared to answer the appeal. But then we do not know but it may be material, and although the information of its having been given, comes to us in an irregular way, and one which could not have been noticed, if the

West'n District
*Sept.* 1823.

DAVIS
*vs.*
DANCY & AL.

record had been positively certified in the first instance, we do not feel at liberty entirely to disregard it. This case is peculiarly circumstanced, and appears to be one for the exercise of those discretionary powers, which the law has invested us with, to promote the ends of justice. To examine it as it now stands, or to dismiss it, might work an irreparable injury to one or other of the parties. The safest course is to remand the cause for a new trial; this disposition of it may occasion delay, but will not work injustice.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; that this case be remanded for a new trial, and that the appellees pay the costs of the appeal.

*Wilson* for the plaintiff, *Thomas* for the defendants.